IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STOCKMENS BANK, a Colorado corporation;<br><br>    Plaintiff,<br><br>vs.<br><br>LIME, LLC, a Nebraska limited liability company;<br><br>    Defendant. | **4:25CV3005**<br><br><br>**ORDER** |
| STOCKMENS BANK, a Colorado corporation;<br><br>    Plaintiff,<br><br>vs.<br><br>ZACHARY BOSLE, individually and doing business as HASTINGS AG;<br><br>    Defendant. | **4:25CV3009**<br><br><br>**ORDER** |

  This matter comes before the court on Defendants' Motion(s) to Stay All Proceedings in both cases brought by Stockmens Bank. (Case No. 4:25-cv-3005, Filing No. 37; Case No. 4:25-cv-3009, Filing No. 17). Defendants Lime and Bosle allege that Plaintiff's claims will be rendered moot by an underlying bankruptcy action because Plaintiff's proof of claim will be fully satisfied through that bankruptcy. Defendants further allege that any judgment in these actions will be in excess of Plaintiff's claims. Defendants request that these matters be stayed pending the conclusion of the underlying bankruptcy case. In the alternative, Defendants request that Plaintiff's pending Motion for Partial

Summary Judgement filed in Case No. 4:25cv3005 (Filing No. 29) be stayed as discovery has not yet begun and the motion is premature. For the following reasons, the court denies the motion to stay all proceedings, but grants the motion to stay briefing on the pending motion for partial summary judgment pending some additional discovery pursuant to Fed. R. Civ. P. 56(d).

## I.     BACKGROUND

Plaintiff (hereinafter "the Bank") brought these two actions against Defendants Lime, LLC ("Lime") and Zachary Bosle ("Bosle") (collectively referred to as the "Defendants") for replevin, conversion, unjust enrichment, and constructive trust for alleged sales of secured collateral made in violation of security agreements held by the Bank. Lime, LLC is an auctioneering company that facilitates sales of agricultural equipment on behalf of individuals and entities. (Case No. 4:25-cv-3005, Filing No. 16-1). Zachary Bosle is Lime's owner. (*Id*.) According to the Bank, Lime sold certain lots of agricultural equipment on behalf of third-party debtors Colton and Stephanie Osborn (hereinafter "Debtors"), in which the Bank had a perfected security interest. The Bank alleges Lime and Bosle kept the collateral proceeds from the sales and did not turn them over, ignoring financing statements the Bank had filed with the Nebraska Secretary of State.

The circumstances at issue here arose sometime in 2020 and 2021, when the Debtors executed two promissory notes with the Bank for $125,100 and $705,000 respectively. (Case No. 25-cv-3005, Filing No. 1). To secure repayment of the promissory notes, the Debtors executed and delivered to the Bank several security agreements. The Bank preserved a security interest in various collateral to secure the Debtor's obligations, including but not limited to, farm equipment, furniture, crops, and other inventory owned by Debtors (hereinafter the "collateral"). (Case No. 4:25-cv-3005, Filing No. 28, para. 20, Exhibit 3). The Bank perfected its security interest by filing Financial Statements with the Nebraska Secretary of State and as required under Article 9 of the Uniform Commercial Code ("UCC"). (Case No. 4:25-cv-3005, Filing No. 1, Exhibits 4-8).

In 2022, Debtors and their two companies C&S Ag, LLC and C&S Organics, LLC faced financial difficulties. According to the Bank, the Debtors "disposed of multiple lots of farm equipment" to Defendant Lime, an auctioneer company, for $202,900 on or around December 30, 2022. (Id., para. 38, Ex. 9). The Bank maintains that it had perfected liens on the collateral, but that Lime made no effort to work with the Bank to release its lien or otherwise reimburse it for its interest in the collateral. Shortly thereafter, the Bank alleges Lime took possession of the collateral, sold it, and kept some of the funds for fees and costs and returned the rest to the Debtors. (Case No. 4:25-cv-3005, Filing No. 44, pg. 2).

Defendant Lime acknowledges that it sold certain lots of agriculture equipment on behalf of Debtors and issued a check payable to them in the amount of $202,900. (Case No. 4:25-cv-3005, Filing No. 16-1, Filing No. 1-10). This amount represented the total sale value of the lots, less auction fees, sale fees, and consignment fees. (Case No. 4:25-cv-3005, Filing No. 16-1, Para. 12-14). Lime maintains, however, that it never owned, obtained title to, or otherwise possessed the collateral and that Debtor Colton Osborn represented that he owned the equipment, including the collateral. (Id., para. 16-18).

On March 8, 2024, the Debtors filed for bankruptcy protection. (Bankruptcy Action, Filing No. 1). *See In re C&S Ag, LLC et al.,* Bankr. D. Neb., Case No. 24-40202-BSK, (hereinafter, "Bankruptcy Action").[1] In April 2024, the Bank filed a proof of claim in the Bankruptcy Action for $666,600.17, which represented the amount in default by Debtors on the two promissory notes. (Bankruptcy Action, Claim No. 11-1). The Bank moved for relief from the bankruptcy stay pursuant to 11 U.S.C. § 362 to recover and foreclose the collateral from potential third-parties. (Bankruptcy Action, Filing 157). The bankruptcy court granted the Bank's request and concluded "Stockmens Bank is granted relief from stay to take any action necessary and proper to recover it's collateral, if any, which the

---

[1] The court takes judicial notice of case filings submitted in the separate bankruptcy action, as relevant to the inquiry here. Fed. R. Evid. 201. See also *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)(A court may take judicial notice of a bankruptcy proceeding in order to recognize the judicial acts taken and the subject matter of that litigation).

debtor sold out of trust, or to recover from any transferees who received such collateral." (Bankruptcy Action, Filing No. 184).

The Bank then initiated these actions against Lime and its owner, and moved for partial summary judgment shortly after Lime filed its answer in Case No. 4:25-cv-3005. (Filing No. 29). There was no similar motion filed in the other matter.² In response, Defendants filed a Motion to Stay All Proceedings in both cases (Case No. 4:25-cv-3005, Filing No. 37; Case No. 4:25-cv3009, Filing No. 17) pending resolution of the Bankruptcy Action. In the alternative, Defendant Lime asks the court to defer ruling on the motion for summary judgment to allow time for discovery.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "In evaluating a stay, a court should consider several relevant factors including 'maintaining control of its docket, conserving judicial resources, and the important interest of providing for the just determination of cases pending before the court.'" *Rosales v. Heath*, No. 8:17CV87, 2017 WL 2533365 (D. Neb. June 9, 2017) (citing *Daywitt v. Minnesota*, 2016 WL 3004626, *5 (D. Minn. May 24, 2016)).

"A stay may be warranted where the matter implicates 'rights which are inextricably tied to [a] pending ... claim in [another court].'" *Id.* (citing *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 965 (D. Minn. 1998)) (emphasis added). Ultimately, "the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant." *Wakehouse v. Goodyear Tire & Rubber Co.*,

---

² It is unclear as to why the Bank filed two separate actions, when one would do, as the allegations in both are nearly identical, subject to a few minor variances. *See* Fed. R. Civ. P. 42(a). As set forth herein, the court will order the parties to show cause as to why the matters should not be consolidated.

No. 8:05CV422, 2006 WL 47426 (D. Neb. January 9, 2006) (citing *Jones v. Clinton*, 72 F.3D 1354 (8th Cir. 1996)). "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *Jones*, 72 F.3d at 1364.

III.   ANALYSIS

1.   Motions to Stay

Defendants bear the burden to justify a stay but have not done so. Defendants primarily argue a stay is warranted because "the matter implicates 'rights which are inextricably tied to [a] pending ... claim in [another court].'" *Rosales,* supra. They argue that this matter should be decided in the bankruptcy court, as the Bank will be made whole there very soon. But that does not appear to be the case based upon the court's review of the bankruptcy docket.

As an initial matter, the court finds that the claims raised in these actions are not inextricably tied to the issues in the Bankruptcy Action. Here, the Bank asserts a separate and distinct theory of recovery against Defendants pursuant to the Uniform Commercial Code. Under U.C.C. § 9-315, "a security interest…continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest." While the Bank has asserted claims against the Debtors in the Bankruptcy Action, that does not preclude the Bank's ability to recover against the Defendants here. The U.C.C. expressly authorizes the Bank's claims against the Defendants. The Bankruptcy Court also recognized this when it granted the relief from stay.

Defendants rely on *Rosales*, 2017 WL 2533365 and *Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) to support their position. In *Rosales,* the District Court for the District of Nebraska held that an undecided question of law was pending in a similar case on appeal before the D.C. Circuit of Appeals and a stay would allow for the appeals court to rule on that issue. *Id*. In *Ritchie*, there was a duplicative

action pending in another federal court, where the court found abstention was proper given the substantially similar claims. *Ritchie,* 868 F.3d at 664. While the court agrees those are compelling reasons to authorize a stay, they have no application here. There are no duplicative actions against Defendants in another federal court, nor are Defendants a party to the underlying bankruptcy. The court is also not awaiting guidance from an appeals court on any undecided area of law which may affect Plaintiff's or Defendants' rights in this matter. The U.C.C. governs these claims and the processes and standards under those statutes are well-established.

Defendants express additional concern over the possibility of the Bank receiving a double recovery, in the bankruptcy matter and then again here. But the Bank cannot recover twice and it knows that. Official Comment 2 of U.C.C. § 9-315 provides:

> Subsection (a)(1), which derives from former Section 9-306(2), contains the general rule that a security interest survives disposition of the collateral. In these cases, the secured party may repossess the collateral from the transferee, or in an appropriate case, maintain an action for conversion. The secured party may claim both any proceeds and the original collateral but, of course, may only have one satisfaction.

The Bank also has an affirmative duty to apply funds and account for any surplus pursuant to U.C.C. § 9-615.

The court further rejects Defendants' argument that the matters should be stayed because the Bank will soon be made whole through the bankruptcy matter. Upon review of the Bankruptcy Action, Debtors have filed several Chapter 12 Plans wherein they proposed to completely pay off Plaintiff's $660,600.17 proof of claim in 20 equal installments. (Bankruptcy Action, Filing No. 133, Filing No. 261). To date, those plans have not been affirmed. On March 6, 2025, the Debtors filed a Second Amended Chapter 12 Plan. (Bankruptcy Action, Filing No. 261, Filing No. 263). In their Second Amended Plan, the Debtors proposed to sell some of their real estate and equipment for $553,050 to Debtor Osborn's parents and to pay those sale proceeds directly to the Bank. (Filing No. 261, at pp. 15-16). The Debtors proposed to sell this property through the bankruptcy court by

motion so that the Bank would not have to wait to get paid until the Debtors' Chapter 12 Plan was approved. Defendants' primary contention is, "Given that sale, along with Stockmens' recovery of $125,000 from Double H, Stockmens' $666,600.17 proof of claim would be more than paid, unless the bankruptcy court permitted Stockmens to recover more money under 11 U.S.C. § 506(b). (Filing No. 261, pp. 15-16)." (Bankruptcy Action, Filing No. 370, at p. 8).

After the sale of the property, the Debtors then moved to Approve a Compromise with the Bank under Fed. R. Bankr. P. Rule 9019, upon which Debtors agree to pay $555,579.42 to the Bank, and pay the remaining balance to the Bank in annual installments until May 5, 2028. (Bankruptcy Action, Filing No. 374-1, at p. 79). The Motion to Approve the Compromise, however, contains this express provision:

> 10. All Converted Personal Property Collateral and all recoveries from all Converted Collateral Claims, including recoveries from Lime, Bosle d/b/a Hastings Ag and third parties for Converted Collateral Claims shall be applied first to reimburse the Bank for Reimbursables incurred on and after May 1, 2025 including costs and expenses, and attorney fees incurred in prosecuting the Converted Collateral Claims; second to the Non-Personal Recourse Amount; and third to the Personal Recourse Amount. The Bank reserves the right in its sole discretion to prosecute or settle the Converted Collateral Claims.

*Id.* Defendants Lime and Bosle have filed an objection to the compromise, which is currently set for hearing before the bankruptcy court. Regardless, it is apparent to this court that the Bank's Proof of Claim has not been fully satisfied, as Defendant argues, nor will it be satisfied anytime soon. The Bankruptcy Court has not yet adopted the Third Amended Plan (Bankruptcy Action, Filing No. 374) or granted the Motion to Approve Compromise. (Bankruptcy Action, Filing No. 362). Even if the compromise is approved, the earliest the Bank's claim will be fully satisfied appears to be sometime in May 2028.

This court has an interest in securing the just, speedy, and inexpensive determination of every action. See Fed.R.Civ.P. 1. Given that the Bank's full recovery could take years and that the U.C.C. potentially authorizes recovery here, the court finds that the interest of

7

maintaining control of its docket, conserving judicial resources, and the interest in providing for the just determination of cases pending before it, weigh in favor of denying the requested stay. Defendants have not met their burden of establishing good cause that a stay would advance those interests, and therefore the motions must be denied.

2.  <u>Motion to Continue, Deny or Defer Ruling on Motion for Partial Summary Judgment</u>

In the alternative, Defendant Lime moves to continue, deny or defer the court's ruling on Plaintiff's Motion for Partial Summary Judgment pursuant to Fed.R.Civ.P. 56(d). (Case No. 4:25-cv-3005, Filing No. 29). In particular, Defendants argue that they have not yet begun any discovery, which will show that Defendant Lime is immune from suit under Neb. Rev. Stat. § 69-109.01. Rule 56(d) of the Federal Rules of Civil Procedure provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its position, the court may:
>
>   (1) defer considering the motion or deny it;
>
>   (2) allow time to obtain affidavits or declarations or to take discovery;
>
>   (3) or issue any other appropriate order.

"[A]lthough discovery need not be complete before a case is dismissed…Rule 56(d) allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018)(quoting *Robinson v. Terex Corp.,* 439 F.3d 465, 467 (8th Cir. 2006)). "A district court has 'wide discretion' in considering a Rule 56(d) motion." *GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 726 (8th Cir. 2019)(quoting *Toben v. Bridgestone Retail Operations, LLC,* 751 F.3d 888, 895 (8th Cir. 2014)). To warrant additional discovery under Rule 56(d), Defendants must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from

further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben*, 751 F.3d at 895 (quotation omitted).

The Bank's motion for partial summary judgment is limited to its conversion claim against Lime. (Case No. 4:25-cv-3005, Filing No. 29). Lime submitted a declaration outlining, with specificity, the facts it hopes to elicit from conducting discovery on the conversion claim. (Case No. 4:25-cv-3005, Filing No. 39-2, para. 34). Because no discovery has yet begun in this case, the court is convinced that Lime should be permitted to conduct some discovery to determine whether any evidence exists which might rebut the Bank's showing of the absence of a genuine issue of material fact. The court will accordingly grant the motion to defer ruling under Fed.R.Civ.P 56(d), and allow Defendants an additional ninety (90) days from the date of this ruling to conduct discovery and file a response brief to Plaintiff's Motion for Partial Summary Judgment.

3. <u>Consolidation</u>

The claims against the two defendants are largely the same, seemingly making consolidation appropriate. Pursuant to Federal Rule of Civil Procedure 42(a), "[w]hen actions involving a common question of law or fact are pending before the court ... it may order all actions consolidated...." Fed.R.Civ.P. 42(a). "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir.1999) (internal citations and quotations omitted). Consolidation has historically been a "matter of convenience and economy in administration," *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D.Iowa 2006) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)), and its purpose is to avoid unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir.1998).

9

Whether matters should be consolidated lies in the court's discretion, *Von Maur*, 237 F.R.D. at 197, and the district court can consolidate actions *sua sponte*. *See Devlin*, 175 F.3d at 130. Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment. *See Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir.1969); *Empire Aluminum Corp. v. S.S. Korendijk*, 391 F.Supp. 402, 410 (S.D.Ga.1973); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Here, consolidation may be appropriate as both cases clearly involve common questions of law or fact. But the court will permit the parties to confer and show cause as to why the matters should not be consolidated.

Accordingly, IT IS HEREBY ORDERED:

In *Stockmens Bank v. Lime, LLC,* 4:25-cv-3005:

1. The Motion to Stay All Proceedings (Filing No. 37) is denied. Defendant's motion for alternative relief is granted in part.
2. The deadline for Defendant to respond to Plaintiff's Motion for Partial Summary Judgment (Filing No. 29) is hereby stayed, but will progress as follows: Defendant shall complete necessary discovery as to those issues and file its response brief to the motion with ninety (90) days, or no later than **September 23, 2025**. Plaintiff shall have fourteen (14) days thereafter to file its reply.
3. The parties shall meet and confer and file an amended Joint 26(f) Report within fourteen (14) days, or no later than **July 9, 2025**. Said report shall be consistent with the progression timeline set forth above.
4. The parties shall also show cause as part of their Joint 26(f) Report why Case No. 4:25-cv-3005 should not be consolidated with Case No. 4:25-cv-3009.

<u>In *Stockmens Bank v. Bosle*, 4:25-cv-3009:</u>

1. The Motion to Stay All Proceedings (Filing No. 17) is denied.
2. The parties shall meet and confer and file an amended Joint 26(f) Report within fourteen (14) days, or no later than **July 9, 2025**.
3. The parties shall also show cause as part of their Joint 26(f) Report why Case No. 4:25-cv-3005 should not be consolidated with Case No. 4:25-cv-3009.

Dated this 25th day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge